Filed 3/26/21  P. v. Garcia CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078052 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD131821) |
| HUGO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Hugo Garcia, in pro. per.; and David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1998, a jury convicted Hugo Garcia of one count of first degree murder (Pen. Code,[1] § 187, subd. (a)) and one count of premeditated attempted murder (§§ 187, subd. (a) and 664).  The jury also found true that Garcia personally used a firearm in the commission of the offense (§ 12022.5,

---

[1]     All further statutory references are to the Penal Code.

subd. (a)).  Garcia was sentenced to 25 years to life for murder, 15 years to life for attempted murder plus, 14 years for two firearm enhancements.

Garcia appealed his conviction.  This court affirmed his conviction in a published opinion, (*People v. Garcia* (2000) 78 Cal.App.4th 1422).

In 2019, Garcia filed a petition for resentencing under section 1170.95.  The trial court appointed counsel, obtained briefing from the parties, reviewed the record of conviction as well as this court's prior opinion.  The trial court determined the record showed Garcia was the actual killer of the victim.  The court found Garcia had failed to state a prima facie case for relief under section 1170.95 and therefore denied the petition for resentencing.

Garcia filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Garcia the opportunity to file his own brief on appeal.  He has responded, filing a supplemental brief.  We will discuss his submission below.

STATEMENT OF FACTS

The facts of the offense are set forth in our prior opinion.  Appellate counsel has included a verbatim copy of the statement of fact in the opening brief.  We will incorporate that statement of facts here for convenience.

At trial, the prosecution witnesses established that on September 29, 1997, Garcia shot and killed Armando Chiquete and critically wounded his cousin, Jose Peraza.  Garcia owed Chiquete money relating to an earlier marijuana transaction, and before the day of the murder, Peraza had twice driven Chiquete to Garcia's apartment complex, where Chiquete and Garcia

discussed the debt.  Chiquete and Garcia did not argue during these encounters, nor did Chiquete bring any weapons or threaten Garcia.

Garcia's debt remained unpaid, and on September 29, 1997, Peraza drove Chiquete to Garcia's apartment complex so that Chiquete could talk to Garcia again.  It was a hot day, so Chiquete had taken off his shirt and slung it over his shoulder, leaving him bare-chested.  He was not carrying any weapons.  Chiquete got out of the car, and he and Garcia started talking to each other; there was no indication they were arguing or that either one was agitated or upset.  Chiquete had his hands down at his side and Peraza saw him make a quick side step.  Garcia then brought his hand up toward Chiquete's head and Peraza saw Chiquete fall to the ground.  In addition, a passerby heard a "pop," saw the shooter holding a handgun straight out in front of his body, and the victim drop to the ground.  After he shot Chiquete, Garcia started running toward Peraza, who ran across the street in the opposite direction.  Garcia chased Peraza and shot him in the back, seriously wounding him.

Chiquete died from a single .9 millimeter gunshot wound to the chest.  The bullet severed his pulmonary artery and destroyed his aorta—the main blood vessel coming from his heart; the bullet then went through Chiquete's backbone and severed his spine.  The gun powder stippling on Chiquete's chest indicated that he was shot from within two to four feet away—most likely from within two feet.

Garcia fled to Mexico after the shootings.  On September 30, 1997, he called his former mother-in-law and told her he had killed one man and shot another.  Garcia gave a variety of reasons for killing Chiquete—that it was because his ex-wife did not pay enough attention to him, that it was over

drugs and money and it was "either his life or theirs," and because Chiquete had killed one of his cousins.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether the trial court prejudicially erred by summarily denying Garcia's petition resentencing for failing to set forth a prima facie case for relief.

2. Whether the procedural protections under *Anders* and *Wende* apply to an appeal from a trial court's order denying a defendant's petition under section 1170.95.

3. Even if the protection of *Anders/Wende* do not apply, should the court conduct an independent review of the record in the interests of justice?[2]

Garcia's supplemental brief is based entirely on matters outside the record in this appeal from the denial of his petition for resentencing. Garcia asks the court to permit him to confront a number of persons, including an FBI agent. The supplemental brief has nothing to do with the current appeal and does not raise any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Garcia on this appeal.

---

[2]    It should be obvious from our opinion that we have applied the *Wende/Anders* independent review protections in this case.

4

DISPOSITION

The order denying Garcia's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


DO, J.